
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD P. BRASKETT, | No. 12-35723 |
| Plaintiff-Appellant, | D.C. No. 3:11-CV-01078-HU |
| v. | |
| CELESTE FENDER; NATHAN TOBEY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

On Appeal from the United States District Court
for the District of Oregon
Dennis James Hubel, Magistrate Judge, Presiding

Submitted March 7, 2014[**]
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Richard P. Braskett ("Braskett") appeals a grant of summary judgment on his claims, brought under 42 U.S.C. § 1983, that his Fourth Amendment rights against unreasonable search and seizure were violated. Braskett claims that four violations occurred over the course of two separate occasions when the defendants visited his home.

Braskett first claims that the defendants violated his rights when they moved a gun from his bedroom to a locked box in the garage. The record establishes that they did so at his wife's request. His second claim is that the defendants searched his medicine cabinet. However, because the record demonstrates that Braskett's wife retrieved pill bottles from the cabinet and voluntarily showed them to the defendants, there was no search. The same undisputed fact resolves Braskett's third claim—that the defendants unlawfully copied down information from the pill bottles—because the information was in plain view. *See Kentucky v. King*, 131 S. Ct. 1849, 1855 (2011). Finally, Braskett claims that the defendants seized a different pill bottle from a garage trash can, but his wife led them to the trash can, where the bottle was contained in a transparent plastic bag.

Braskett argues that his wife lacked the capacity to consent. Considering the totality of the circumstances, *see Schneckloth v. Bustamonte*, 412 U.S. 218, 234 n.15 (1973), we conclude that the material undisputed facts demonstrate that

Braskett's wife had the capacity to understand the nature of her statements and actions during the defendants' visits.

Braskett further argues that the defendants used a ruse to obtain entry into his home by misrepresenting their intentions to his wife. Because the defendants' conduct inside the house did not violate the Fourth Amendment, the means by which they secured Braskett's wife's consent to enter did not violate the Fourth Amendment, either. *See United States v. Garcia*, 997 F.2d 1273, 1280 (9th Cir. 1993).

Braskett's remaining arguments are without merit.

**AFFIRMED.**